# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles R. Kilmer,**
**Petitioner Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    **No. 12-0405** (Berkeley County 12-C-119)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles R. Kilmer, *pro se*, appeals the order of the Circuit Court of Berkeley County, entered March 13, 2012, dismissing without prejudice his petition for a writ of habeas corpus. The respondent warden, by Christopher C. Quasebarth, his attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 24, 1991, a jury found petitioner guilty of first degree murder in the death of Sharon Lewis. The jury did not make a recommendation of mercy. On April 21, 1991, the circuit court sentenced petitioner to life without the possibility of parole. Petitioner's conviction and sentence were subsequently affirmed in *State v. Kilmer,* 190 W.Va. 617, 439 S.E.2d 881 (1993).

On April 27, 1998, petitioner filed a petition for a writ of habeas corpus. Habeas counsel was appointed, and a completed *Losh* checklist[1] and an amended petition were filed. Petitioner's *Losh* list expressly waived thirty-three grounds for relief. Petitioner raised the issues of ineffective assistance of trial counsel, denial of a full public hearing, improper denial of a continuance, improper introduction of a confession, and lack of probable cause for a search warrant. After a response was filed, the circuit court dismissed the petition with prejudice finding the remaining grounds were legally and factually unsupported. There were some

---

[1] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

1

additional filings in the proceeding until it was retired from the circuit court's docket by an order entered October 22, 2001.

In 2004, and from 2008 to 2010, petitioner attempted to reopen the 1998 habeas proceeding so that he could appeal its dismissal. Petitioner's efforts to reopen failed both in the circuit court and in this Court. During petitioner's attempt to reopen the 1998 proceeding, a second habeas petition filed in 2007 was held in abeyance. On March 10, 2011, by an agreement of the parties, the 2007 proceeding was dismissed without prejudice.

Petitioner filed the instant petition in 2012 alleging newly discovered evidence in the form of an affidavit from another inmate. According to that affidavit, the inmate's boss informed the inmate in 1987 that Sharon Lewis's husband was looking for someone to kill her.[2] Ms. Lewis death, for which petitioner was convicted of first degree murder, did not occur until February 16, 1990.

The circuit court summarily dismissed the instant petition for inadequate factual support finding that even if true, " 'this 'new evidence' clearly sheds no light on whether Petitioner murdered the victim or not." The circuit court noted that the evidence presented in petitioner's criminal case was that "[p]etitioner, possibly in the engagement of Mr. Lewis, murdered the victim, Mr. Lewis's wife." The circuit court concluded that the fact Mr. Lewis may have been interested in killing his wife "does not make it more or less likely that Petitioner was the person who murdered her." Because it was dismissing the petition for inadequate factual support, the circuit court held that the dismissal was without prejudice.[3]

We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2] According to the inmate's affidavit, he and his boss were performing repair work on the Lewis home during the summer of 1987.

[3] Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings provides in pertinent part as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal."

On appeal, petitioner argues that the circuit court failed to give a meaningful review to his "newly discovered evidence." Petitioner asserts that the circuit court discounted the affidavit simply because it was from an inmate. Petitioner asserts that the affidavit would have created reasonable doubt in the mind of any juror. The respondent warden asserts that the affidavit, even if true, did not disprove that petitioner was the murderer, especially given the State's theory at trial that Mr. Lewis hired petitioner to kill his wife. The respondent warden argues that no hearing or appointment of counsel was necessary for the circuit court to properly dismiss the petition.[4]

Given the State's theory at trial, this Court finds that the respondent warden is correct that the affidavit is not likely to produce an opposite result at a second trial on the merits. Therefore, the affidavit does not meet the standard for newly discovered evidence set forth in Syllabus, *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in dismissing the petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Berkeley County and affirm its order, entered March 13, 2012, dismissing without prejudice the petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] *See* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").